74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wesley E. WEAVER, Plaintiff-Appellant,
v.
Robert FURLONG; D. Hill, Captain; E. Samu, Lt.; Stephen
Bergman, Sgt., Defendants-Appellees.
 No. 95-1238.
 United States Court of Appeals, Tenth Circuit.
 Jan. 9, 1996.
 
 Before PORFILIO, MCKAY, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 PORFILIO, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from the dismissal of a complaint filed by Wesley Weaver, a state prisoner, alleging a deprivation of his Eighth Amendment rights. The district court analyzed the issues and determined plaintiff was seeking damages under 42 U.S.C.1983 and habeas relief under 28 U.S.C. 2254. After finding insufficient support for either claim, the court dismissed the complaint under 28 U.S.C.1915(d). Plaintiff appealed, and we affirm in part and reverse in part.
 
 
 3
 The complaint alleges plaintiff was ordered by defendant Bergman, a corrections officer, to submit to a random urinalysis but was unable to produce a sample for testing. He states Mr. Bergman then ordered him to drink many glasses of water until he vomited. Still unable to produce a sample, plaintiff was ordered to drink water until he again vomited. Mr. Weaver alleges he volunteered to produce a sample, but defendant Bergman refused him the opportunity, instead charging plaintiff with institutional violations.
 
 
 4
 Plaintiff pursued the remedies of institutional appeal, but was denied relief by the remaining defendants. As a result, plaintiff was assessed ten days of punitive segregation and loss of twelve days' credit for good time. He contended the acts of all defendants deprived him of due process and constituted cruel and unusual punishment.
 
 
 5
 The district court held, contrary to plaintiff's assertion, the institution's Code of Penal Discipline, did not create a liberty interest in favor of inmates, violation of which would give rise to damages under 1983. The court also concluded plaintiff's claim relating to the forced drinking of water did not constitute cruel and unusual punishment. Finally, the court held plaintiff's prayer for reinstatement of his good time credits was the equivalent of an application for habeas corpus. Because plaintiff failed to exhaust his state remedies on that claim, the court dismissed it.
 
 
 6
 We agree with the substance of the district court's rulings except in one particular. We believe plaintiff's claim he was forced to consume large quantities of water to the point of regurgitation is a prima facie allegation of an Eighth Amendment violation. This claim was not frivolous on its face and should not have been summarily dismissed against defendant Bergman. It was not asserted against any of the other defendants, and the dismissal against them, therefore, was not improper. The application for a certificate of probable cause is granted.
 
 
 7
 The judgment of the district court is AFFIRMED IN PART substantially for the reasons stated in its order of May 16, 1995, and REVERSED IN PART AND REMANDED for further proceedings on plaintiff's Eighth Amendment claim against defendant Bergman only.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3